UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN LANGLEY, #B68375, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| - vs- ) | No. 03-1274 |
| ) | |
| DONALD HULICK and HILL ) | |
| CORRECTIONAL CENTER, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

NOW COMES the Defendant, DONAL HULICK, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and for his Memorandum in support of his Motion to Dismiss, state the following:

### BACKGROUND

Plaintiff is currently incarcerated at Big Muddy River Correctional Center. Plaintiff filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that Defendants at Hill Correctional Center violated his civil rights because on July 17, 2003 and August 5, 2003 Plaintiff was left in a cell wherein he cut on himself. Plaintiff claims this is neglect and an Eighth Amendment violation. Plaintiff has brought this action against Donald Hulick, Warden at Hill Correctional Center but has failed to make any specific or direct allegations against Defendant Hulick. Plaintiff also claims that on July 30, 2003, Plaintiff put in for a request for envelopes and copies of the Eighth Amendment and Plaintiff has not received them. Finally, Plaintiff claims that he has been denied his property.

**ARGUMENT**

I. **DEFENDANT HULICK LACKS THE REQUISITE PERSONAL INVOLVEMENT.**

In order to impose individual liability under 42 U.S.C. §1983, a plaintiff must prove that the defendant had some personal responsibility for the alleged violation. Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985). The Constitution does not make supervisory officer holders responsible for the acts or omissions of others. Walker v. Rowe, 791 F. 2d 507, 508 (7th Cir. 1986), quoting Ustrak v. Fairman, 781 F. 2d 573, 575 (7th Cir. 1986) and Duckworth v. Franzen, 780 F. 2d 645, 650 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986).

The personal responsibility requirement of §1983 is satisfied if he or she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights; or 2) if the conduct causing the constitutional deprivation occurs at her knowledge and consent. Crowder v. Lash, 687 F.2d 996 (7th Cir. 1982). Because §1983 does not recognize a doctrine of *respondeat superior*, Lash at 650, a plaintiff must establish a defendant's personal involvement in the claimed constitutional violation.

In the case at bar, none of Plaintiff's allegations are directed against Defendant Hulick. In fact, Plaintiff fails to identify any individual regarding any claim. Plaintiff claims that the Hill Correctional Segregation Staff knew that Plaintiff was in his cell and aware that Plaintiff was cutting on himself. However, Plaintiff does not even state Defendant Hulick's name in entire Complaint.

Plaintiff has failed to allege that Defendant Hulick was personally involved in any wrongful act. Therefore, Defendant Hulick should be dismissed from Plaintiff's Complaint.

II. **PLAINTIFF HAS AN ADEQUATE POSTDEPRIVATION REMEDY FOR ANY LOSS OF HIS PROPERTY**

Plaintiff alleges that he was not given property. Plaintiff fails to state who denied him access to his property or what property he has been denied to Plaintiff.

Unauthorized intentional deprivation of property by a state employee does not violate due process if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 3202 (1984). The State of Illinois provides an adequate postdeprivation remedy for property lost by prisoners while in the custody of the Department of Corrections. Stewart v. McGinnis, 5 F.3d 1031, 1036 (7th Cir. 1993). A prisoner may bring an action in the Illinois Court of Claims to recover damages for property taken or destroyed by the Department of Corrections. Stewart at 1036; 705 ILCS 505/8. The State has provided an adequate postdeprivation remedy for Plaintiff's claim of lost property and those claims should be dismissed.

III. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS BASED ON NEGLIGENCE**

Plaintiff alleges that being placed in a cell wherein he cut on himself and being denied his property is neglect. Plaintiff again fails to identify any individual who is responsible for the alleged wrongdoing. Plaintiff fails to make clear whether he is bringing a constitutional claim or a state claim. If Plaintiff is bringing a state claim, the Eleventh Amendment regarding sovereign immunity does not by itself shield individuals like the Defendants from Federal Court jurisdiction over State law tort claims. Magdziak V. Byrd, 96 F.3d 1945, 1048 (7th Cir. 1996); *citing* Benning v. Board of Regents of Regency Universities, 928 F.2d 778-79 (7th Cir. 1991). However, the Seventh Circuit has stated that the Federal Courts are bound by State rules of immunity regarding State law causes of

actions. Magdziak, at 1048. Thus, this Court must look to Illinois rules governing immunity. The State of Illinois has the Court of Claims Act which invests that Court with "exclusive jurisdiction to hear and determine . . . [a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person . . . in a civil suit . . ." Id. Citing 705 ILCS 505/8(d). Although the statute does not directly address actions against individuals, the Illinois Supreme Court addressed its applicability against individuals in Currie v. Lao, 592 N.E.2d 977 (1992). The Illinois Supreme Court held that when an employee of the State of Illinois has allegedly committed an act within the jurisdiction of the Illinois Court of Claims and the alleged act was committed solely by virtue of his State employment, sovereign immunity will bar maintenance of that act in Circuit Court. Magdziak, at 1049. Therefore, if a cause of action cannot be brought in Circuit Court because it falls within the exclusive jurisdiction of the Illinois Court of Claims, it cannot be brought in Federal Court based on the same rationale. This principle has recently been applied to an inmate's claim that prison employees were negligent in allowing him to be shocked by exposed electrical wires in the shower. Turner v. Miller, 301 F.3d 599, 602 (7th Cir. Aug. 21, 2002). The relationship between the injured inmate and the prison officials he alleged were negligent was found to be based only on the employment status of the defendants, and any duty owed arose only from the plaintiff's status as an inmate and his presence at Hill Correctional Center. Id  The District Court in Turner was found to have lacked subject-matter jurisdiction over the negligence claims. Id.

     Any neglect from correctional officers arises solely from their status as a Correctional Officer at Hill Correctional Center, and Plaintiff's status as an inmate at that institution. Any claims of negligence in those duties must be brought in the Illinois Court

of Claims. As no Circuit Court in Illinois could hear these claims, this Court lacks subject matter jurisdiction over the claims and Plaintiff's Complaint should be dismissed.

### IV.     PLAINTIFF HAS NOT BEEN DENIED ACCESS TO THE COURTS

Plaintiff claims that he has been denied envelopes of copies of the Eighth Amendment from the law library. Plaintiff has failed to allege that he was denied access to the courts or any detriment as a result of the alleged actions of the Defendants. Plaintiff has again failed to identify anyone involved in this claim. Plaintiff does not have a constitutional right to envelopes or a copy of the Eighth Amendment. In any event, Plaintiff has failed to prove any detriment as a result of being denied envelopes or a copy of the Eighth Amendment.

Prisoners have a constitutional right to "meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977). However, inmates' right of meaningful access to the courts does not encompass an "unfettered direct access" to the prison law libraries. Smith v. Shawnee Library System, 60 F.3d 317, 323 (7th Cir. 1995) citing Hossman v. Spradlin, 812 F.2d 1019 (7th Cir. 1987) .

In Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992), the Seventh Circuit adopted a two part test to determine if a correctional institution had violated the right of access to the courts in situations such as the case at bar. First, the prisoner must prove that prison officials failed "'to assist in the preparation and filing of meaningful legal papers.'" Id. (quoting Bounds, 430 U.S. at 828). Second, he must show "some quantum of detriment caused by the challenged conduct of state officials." Jenkins, 977 F.2d at 268.

The Seventh Circuit dealt with very similar facts to this case in Brooks v. Buscher, 62 F.3d 176 (7th Cir. 1995). In that case a prisoner in segregation at a medium security

facility sued claiming insufficient access to the courts because he was not permitted to access the courts directly while in segregation and because the facility's law librarian was not a legal practitioner.  The Court reversed a District Court order finding for the plaintiff because "access to persons trained in the law and providing access to libraries are each fully independent and sufficient methods of satisfying the right of access to the courts." Brooks at 181.  The court went on to note that "if a prison does choose to provide a law library, the function of library assistants is not to act as paralegals or quasi-counsel, as they might have to if the prison provided no law library." Id.  Therefore, Brooks makes it clear that the defendants were not required to provide a skilled legal practitioner. The Seventh Circuit has also dealt specifically with the right of access to the courts as it pertains to non-violent prisoners in segregation.  In Smith v. Shawnee Library System, 60 F.3d 317, 324 (7th Cir. 1996), the court held that even highly restrictive policies do not violate the right of access to the courts with regard to segregated prisoners as long as they do not completely interrupt legal preparation.  Furthermore, the Court stated that "legitimate security reason underlie the library cell system." Id. at 317.

The Court in Campbell v. Miller, 787 F.2d 217 (7th Cir. 1986), held that where a prisoner had no access to trained legal assistants, could request two books at a time, had to give exact citations for requested cases, had to submit to a body cavity search and had to wait up to eight hours before being allowed any access to the library did not violate the prisoner's rights.

The Plaintiff has failed to state any restrictions imposed upon him regarding access to the law library.  Therefore, Plaintiff has not established that there are any restrictions that have caused him some detriment.  Plaintiff's Complaint should be dismissed.

## V. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

Government officials performing discretionary functions generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738, 457 U.S. 817, 818 (1982). To determine if an official is entitled to qualified immunity, a two part inquiry is required: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right alleged to have been violated was clearly established. Saucier v. Katz, 533 U.S. 194, 200, 121 S.Ct. 2151, 2155 (2001). The second prong must be undertaken in light of the specific context of the case, not as a broad general proposition. Id. at U.S. 201, S.Ct. 2156. The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. Id. at U.S. 202, S.Ct. 2156. An official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. Id. at U.S. 205, S.Ct. 2158.

Because existing case law indicates that Defendant lacks the requisite personal involvement, the Defendant could not have known that his actions would have violated the Eighth Amendment. To the extent that his actions are now determined to be violations, this would represent an announcement of new law and the Defendant would be entitled to qualified immunity on all issues.

WHEREFORE, for the above and foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

    Respectfully submitted,

    DONALD HULICK,

        Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois

        Attorney for Defendant,

BY:  s/ Linda M. Wolters
     Linda M. Wolters, #6270801
     Assistant Attorney General
     Attorney for the Defendants
     500 South Second Street
     Springfield, Illinois  62706
     Phone:  (217) 782-9014
     Fax:   (217) 524-5091
     E-Mail:  lwolters@atg.state.il.us

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN LANGLEY, #B68375, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - vs- | ) | No. 03-1274 |
| | ) | |
| DONALD HULICK and HILL | ) | |
| CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2006, I electronically filed Defendant's **Memorandum of Law In Support of Defendant's Motion To Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

None

and I hereby certify that on January 27, 2006, I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Steven Langley, #B68375
Big Muddy Correctional Center
251 North Illinois, Highway 37
P.O. Box 900
Ina, Illinois 62846

Respectfully Submitted,

s/ Linda M. Wolters
Linda M. Wolters, #6270801
Assistant Attorney General
Attorney for the Defendants
500 South Second Street
Springfield, Illinois  62706
Phone:  (217) 782-9014
Fax:   (217) 524-5091
E-Mail:  lwolters@atg.state.il.us