UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVEN LANGLEY,
    Plaintiff,

vs.                                                                                                          03-1274

DONALD HULICK, et. al.,
    Defendants.

## ORDER

This cause is before the court on Defendant Hulick's motion to dismiss plaintiff's complaint. [d/e 15]. The plaintiff was notified that a dispositive motion was filed, but he has failed to file a response. Therefore, the court will consider the motion without input from the plaintiff.

### I. BACKGROUND

The plaintiff, Steven Langley, is proceeding pro se and has filed a standard complaint pursuant to 42 U.S.C. §1983. The plaintiff has named two defendants: Hill Correctional Center Warden Donald Hulick and Hill Correctional Center. A correctional center is not a proper defendant and the court will therefore dismiss Hill Correctional Center from this lawsuit.

The plaintiff first claims that on July 17, 2003, he was left in his cell for approximately 45 minutes when the segregation unit staff knew that he was cutting his arms. The plaintiff says again on August 5, 2003, he was left in his cell for approximately two hours when the staff knew he was cutting on his arm. The plaintiff alleges this is a violation of his Eighth Amendment rights.

The plaintiff says on July 30, 3003 he requested legal envelopes and marshal forms, but the law library staff did not respond. The plaintiff says he has also not received his property.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those facts in the light most favorable to the Plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

### III. ANALYSIS

Defendant Warden Hulick first argues that the plaintiff has failed to state any claim for relief against him because the plaintiff makes no direct allegations against the warden. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant caused or participated in the alleged constitutional violation. McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988). The plaintiff has made no such allegations in his complaint. In fact, the only mention of Defendant Hulick in the complaint is in the list of potential defendants. *See* Collins v. Kibort, et al., 143 F. 3d 331, 334 (7th Cir. 1998).( A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.)

The court appreciates that the plaintiff is proceeding pro se. However, he must state some specific allegation against the defendant. In addition, the plaintiff failed to clarify his claims by responding to the motion to dismiss. Therefore, the court will dismiss the complaint for failure to state a claim upon which relief can be granted.

The court notes that even if the plaintiff had stated Warden Hulick's involvement, he has still failed to state a claim based on the denial of legal materials. An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability litigate, some concrete legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). The plaintiff has failed to allege such an injury.

The plaintiff also failed to state a claim involving the denial of his personal property. The plaintiff does not allege that the deprivation took place according to an established state procedure, nor that he lacked an adequate remedy under state law. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1995).

**IT IS THEREFORE ORDERED that:**

**1) Defendant Hill Correctional Center is dismissed.**

**2) Defendant Hulick's motion to dismiss the complaint is granted. [d/e 15] This case is dismissed without prejudice for failure to state a claim upon which relief could be granted.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of**

**$250.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $250.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**4) The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this __9th___ day of June, 2006.

          **s\Harold A. Baker**
_____
          HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE